T.C. Memo. 2000-245


UNITED STATES TAX COURT


SANDRA B. BALL & KEITH M. NORTHROP, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14273-98.                    Filed August 8, 2000.


Keith M. Northrop, pro se.

<u>Sheila R. Pattison</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioners' Federal income taxes in the amounts
of $2,799 and $2,991 for the taxable years 1995 and 1996.  Unless
otherwise indicated, subsequent section references are to the
Internal Revenue Code in effect for the years in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

After concessions by the parties, this Court must decide whether petitioner Keith M. Northrop (petitioner) was in the trade or business of being a stock trader or whether he was an investor during 1995 and 1996, and whether petitioner in his investment activity is entitled to deduct: (1) Office expense of $920 and $1,935 in 1995 and 1996, respectively, (2) depreciation of $3,854 in 1995, and (3) interest expense of $2,411 and $4,233 in 1995 and 1996, respectively. Respondent determined that petitioners were liable for self-employment tax for 1995 and 1996, respectively, on the earnings of petitioner from his counter top resurfacing business and of petitioner Sandra B. Ball from her real estate business. Respondent allowed petitioners corresponding deductions of one-half of the self-employment tax. Because petitioners did not address the self-employment tax issue at trial, we deem it conceded.

Some of the facts have been stipulated and are so found. Petitioners resided in Austin, Texas, at the time they filed their petition.

At the outset, we note that petitioners reported $15,209 and $12,556 of adjusted gross income in 1995 and 1996, respectively. Petitioner claimed he had a credit line of $150,000 from various credit card companies and used only borrowed money to invest in stock. On his 1996 return, petitioner claimed he purchased $878,146.26 worth of stock in February 1996. We find it hard to

believe that petitioner could have so exceeded his lines of credit with the credit card companies that he was able to make such purchases. Petitioner reported a $14,691 net short-term loss from the sale of stock and petitioner deducted $3,000 of that loss in 1996. Despite our misgivings, we shall assume, arguendo, for purposes of this opinion and in accordance with the way the case was tried, that the stock sales were in fact made.

During the years in issue, petitioner, in business as Chameleon Counters, resurfaced countertops for property owners. In 1993, petitioner began investing money in stocks with an initial sum of $2,000. Prior to this time, he had no experience in investing in the stock market.

In 1995, petitioner decided to put more effort into the stock market activity. As noted, petitioner asserted that he only invested borrowed money. Petitioner claimed that he had a credit line of more than $150,000 which he used exclusively for investing. Petitioner purchased a computer and software. Petitioner claimed that he spent his days from 8:30 a.m. to 3:00 p.m. on the computer or watching CNBC on the television to get stock quotes. He also read newsletters on trading. Petitioner made eight short-term stock sales in 1995 and seven short-term stock sales in 1996. Petitioner did not invest on behalf of other people.

Petitioner filed a Schedule C, Profit or Loss from Business, for Chameleon Counters in 1995 and 1996. On the Schedules C, he listed office expenses, interest, and depreciation which he asserted were related to his business as a stock trader. Petitioner listed his gains and losses from the stock trades on Schedule D, Capital Gains and Losses. Respondent disallowed the expenses because it was determined that petitioner is not in the trade or business of being a stock trader, but is instead an investor, and because petitioners did not substantiate the expenses. Petitioner claims he is a trader, not an investor, and should be entitled to deduct the above expenses on Schedule C.

We briefly comment on the question which was the focus of the parties at trial; whether petitioner was a trader or investor. In determining whether a taxpayer who manages his own investments is a trader or merely an investor, we consider the following factors: "(1) The taxpayer's investment intent; (2) the nature of the income to be derived from the activity; and (3) the frequency, extent, and regularity of the taxpayer's securities transactions." Hart v. Commissioner, T.C. Memo. 1997-11. To be a trader, the trading activity must be substantial, which means "frequent, regular, and continuous enough to constitute a trade or business" as opposed to sporadic trading.

It is apparent that petitioner's trading activity, eight sales transactions in 1995 and seven sales transactions in 1996,

was not substantial.  Hart v. Commissioner, supra (trading was not substantial where taxpayer had 36, 30, and 15 sales of stock during each of the years in question); Paoli v. Commissioner, T.C. Memo. 1991-351 (trading was not substantial where taxpayer had 326 sales transactions, but sales were not regular and continuous).  Accordingly, we find that petitioner was an investor, not a trader, and he is not allowed to deduct investment related expenses under section 162.

Petitioners failed to substantiate the expenses in dispute as required under section 6001.  Petitioner had no books and records.  His handwritten notes do not constitute evidence of interest payments.  His cash register receipts for alleged computer purchases do not total the amount claimed, nor do they show the method of depreciation used.  There is nothing in the record about office expenses.  In short, respondent disallowed these expenses for, inter alia, lack of substantiation.  Nevertheless, at trial petitioner failed to substantiate his expenses.  Therefore, petitioners may not deduct such expenses under section 212.  We hold for respondent on these issues.

To the extent that we have not addressed any of petitioners' arguments, we have considered them and find them to be without merit.

Decision will be entered

under Rule 155.